UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEREMIAH P. SLAVIT,                          §
                                             §
                 Plaintiff,                  §
                                             §
v.                                           §        SA-22-CV-1194-OLG (HJB)
                                             §
PERIPHERAL VASCULAR ASSOCIATES,              §
P.A.,                                        §
                                             §
                 Defendant.                  §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the Motion to Dismiss filed by Defendant Peripheral Vascular Associates, P.A. ("PVA") (Docket Entry 12). Pretrial matters in this case have been referred to the undersigned for consideration. (Docket Entry 17.) For the reasons set out below, I recommend that PVA's Motion to Dismiss (Docket Entry 12) be **GRANTED IN PART** and **DENIED IN PART**.

**I.      Jurisdiction.**

Plaintiff Jeremiah Slavit, proceeding *pro se*, seeks declaratory and injunctive relief for violations of the Americans with Disabilities Act ("ADA"). (*See* Docket Entry 6 at 1.) The Court has original jurisdiction over Slavit's claims—purported violations of a federal statute—pursuant to 28 U.S.C. § 1331. I have authority to issue this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.     Background.**

PVA is a medical group specializing in vascular surgery, headquartered in San Antonio, Texas. (Docket Entry 6 at 2; Docket Entry 12 at 2.) Slavit was employed as a vascular technologist by PVA from August 3, 2020, until his termination on November 17, 2022. (Docket Entry 6 at 6.)

As PVA correctly points out, Slavit's employment began while in the midst of the COVID-19 pandemic[1] (Docket Entry 12 at 2); Slavit was never inoculated for the disease and refused to get a vaccination (*see* Docket 6, at 18, 23, 31).

Slavit alleges that, since he began his employment with PVA, he was "harassed daily by his employer into wearing a face mask and checking his temperature upon entry to the premises, against his consent." (*Id.* at 6.)  Slavit complains of disparate treatment, arguing that PVA "only required 'unvaccinated' employees to wear masks all the time." (*Id.* at 17.)  PVA eventually fired Slavit after "he refused to wear a face mask when a patient requested him to do so. . . ." (*Id.* at 14.)

Slavit filed this suit on October 31, 2022, a few days before his termination, alleging that he had been discriminated and retaliated against on the basis of a disability in violation of the ADA. (Docket Entry 1.)  He later amended his complaint, on January 3, 2023, to include claims that he was terminated for his disability based on PVA's discriminatory policies.  (*See* Docket Entry 6 at 27, 30.)  Slavit's asserted disability is that, because he was not inoculated against COVID-19, he was perceived by PVA as having or likely to have a contagious disease.  (*Id.* at 16, 18.)  Slavit argues that he was "disabled" within the meaning of the ADA because PVA, "through its 'Covid-19 policy' regarded . . . [him] as disabled." (*Id.* at 16.)

PVA responded to Slavit's amended complaint by filing a motion for judgment on the pleadings, styled as a motion to dismiss. (Docket Entry 12.)  In its motion, PVA argues that Slavit's

---

[1]  *See*  https://www.cdc.gov/museum/timeline/covid19.html#Late-2020eum  (identifying August 28, 2020, as the date when "[t]he first documented case of COVID-19 reinfection in the U.S. is confirmed by the Nevada State Public Health Laboratory"). The Court judicially notices this information. *See In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2019) (taking judicial notice of CDC facts related to COVID-19), *vacated on other grounds sub nom. Planned Parenthood Center for Choice v. Abbott*, 141 S. Ct. 1261 (2021).

claims are time-barred because he did not file his original complaint until after more than 90 days had already elapsed since he first received notice of his right to sue from the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 1–2.)

### III.    Applicable Legal Standard.

"After the pleadings are closed—but early enough not to delay the trial—a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  A Rule 12(c) motion is appropriate where "a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Gladden v. Coca-Cola Co.*, No. 3:21-CV-1893-B, 2022 WL 2209945, at *1 (N.D. Tex. June 17, 2022) (quoting *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F2d 74, 76 (5th Cir. 1990)).  "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  *Johnson v. Johnson*, 385 F.3d 503, 528 (5th Cir. 2004) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).  Thus, the Court "must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff."  *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, 500 F. Supp. 3d 565 (E.D. Tex. 2021) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)).

To survive a motion under Rule 12(b)(6) or Rule 12(c), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And although "detailed factual allegations" are not required, a plaintiff must proffer "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

**IV.     Analysis.**

"When evaluating a statute-of-limitations defense in a 12(c) motion, the plaintiff's claim may be dismissed if 'it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).  The ADA imposes strict limitations for filing suit in federal court, tied to the exhaustion of administrative remedies. Before filing a lawsuit, the plaintiff must exhaust administrative remedies.  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996).  The statute incorporates by reference the procedures for exhaustion applicable to claims under Title VII, under which administrative remedies are exhausted once a plaintiff receives a right-to-sue letter from the EEOC.  *See Dao*, 96 F.3d at 788–89; *Mackey v. Cont'l Airlines*, No. CIV.A. H-11-4246, 2012 WL 1202045, at \*3 (S.D. Tex. Apr. 10, 2012).  A plaintiff must then file suit within 90 days of receiving the letter.  42 U.S.C. § 2000e-5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980).  Failure to do so is a bar to recovery.  *Teamah v. Applied Materials, Inc.*, 715 F. App'x 343, 345 (5th Cir. 2017) (citing *Dao*, 96 F.3d at 788–89).

The 90-day limitations period is subject to equitable tolling; however, tolling  applies only in "rare and exceptional circumstances."  *Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002). It may be appropriate when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).  But neither "lack of knowledge of applicable filing deadlines . . . [nor] unfamiliarity with the legal process nor . . . lack of representation . . . [nor]

ignorance of legal rights . . . [is] a basis for tolling." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

In this case, the Court should grant PVA's limitations argument in part and deny it in part. The motion should be denied as to his termination-based claims; these did not arise until after he filed his original complaint, and thus cannot be considered time-barred. The argument should be granted regarding Slavit's other claims, but he should be granted leave to amend if he can make a plausible claim as to equitable tolling, as discussed below.

### A.    *Slavit's Termination-Based Claims Are Not Time-Barred.*

In his amended complaint, Slavit unequivocally states that he received his "Notification of Right to Sue" from the EEOC "on July 29, 2022." (Docket Entry 6 at 2.) Based on this allegation, Slavit's deadline to file suit pertaining to any matters that arose before that date was October 27, 2022. Yet, Slavit did not file his original complaint until October 31, 2022—four days too late. (Docket Entry 1.) *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002) (affirming dismissal of complaint filed "one day beyond the ninety-day period"); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (affirming dismissal of complaint filed two days beyond the ninety-day deadline).

As noted above, however, Slavit's amended complaint added claims of retaliatory termination. (Docket Entry 6, at 26.) PVA allegedly did not terminate Slavit's employment until November 17, 2002—after Slavit had filed his original complaint on October 31, 2022. Accordingly, claims based on Slavit's termination cannot be considered time-barred; the

limitations argument made by PVA is inapplicable to them.  Indeed, PVA does not discuss these claims in its motion or reply. [2]  Accordingly, PVA's motion should be denied as to these claims.

**B.**      ***Slavit's Remaining Claims Are Time-Barred Unless He Can Present a Plausible Basis for Equitable Tolling.***

For the reasons set out above, the non-termination-based claims raised in Slavit's complaint are time-barred unless he has alleged sufficient factual material to plausibly show that he is entitled to equitable tolling of the 90-day limitations period.  *See Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 880 (5th Cir. 2003) ("The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case.").  Slavit makes no factual allegations suggesting that he is entitled to equitable tolling of the 90-day deadline to file suit.  The closest Slavit comes to addressing the substance of PVA's limitations argument is a single sentence, in the first paragraph of his response to the motion to dismiss:

> Regarding defendant's factual allegations in the motion as they pertain to the time period for the right to sue, the facts establishing plaintiff's right to sue and having timely filed the complaint are included in his affidavit that was alleged with the complaint.

(Docket Entry 19 at 1.)  Contrary to this claim, the affidavit attached to Plaintiff's amended complaint (Docket Entry 6-1) nowhere addresses the timeliness of his lawsuit, nor does it otherwise provide any information that would merit equitable tolling of his 90-day deadline.  Thus, based on the pleadings, Slavit's time-barred claims are not entitled to equitable tolling.  PVA's motion should therefore be granted as to Slavit's claims of (1) discrimination in the application of its COVID-19 policy to vaccinated and unvaccinated employees, and (2) retaliation based on PVA's efforts "to impose its Covid-19 Policy" on an unwilling Slavit through various, allegedly

---

[2] The record does not show whether Slavit exhausted his administrative remedies as to his termination-based retaliation claim. As PVA has not presented any argument on the issue in its motion, this Report and Recommendation does not address the issue.

adverse employment actions listed in both his original and amended complaints.  (*See* Docket Entry 1, at 12, 18–19; Docket Entry 6, at 23, 26.)

Because it is preferable to decide cases on their merits, Rule 12 dismissals usually are without prejudice. *See Great Plains Tr. Co.*, 313 F.3d at  329.  However, dismissal with prejudice is appropriate when the defect in a plaintiff's complaint is incurable. *Id.. Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016).   Accordingly, while Rule 15 directs courts to "freely give leave [to amend pleadings] when justice so requires," FED. R. CIV. P. 15(a)(2), it is within the sound discretion of the court to deny leave to amend when, for example, amendment would be futile, *see Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003).  As a general rule, "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011).

In this case, it is not clear from the record that no plausible basis for equitable tolling is available.  As noted above; Slavit does not argue for equitable tolling; he argues that his complaint was timely.  (Docket Entry 19, at 1.)  As for PVA, they address equitable tolling in a conclusory fashion in their reply, arguing only that neither Slavit's response to the motion to dismiss nor the affidavit submitted with it "raise any issues warranting the equitable tolling of the ADA's 90-day deadline."  (Docket Entry 20, at 7.)  Contrary to this conclusory claim, the affidavit suggests a possible, plausible basis for equitable tolling that may be addressed should Slavit seek to amend his pleadings as to his non-termination claims.

The Fifth Circuit has identified three potential bases for equitable tolling in the ADA/Title VII context: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional

concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning*, 332 F.3d at 880 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)).  Neither of the first two circumstances plausibly apply here: Slavit himself brought this lawsuit in this forum (*see* Docket Entry 1), and he makes no allusion whatsoever to any claims pending in any other forum, and the complaint makes quite clear that all of the facts supporting the complaint were available to Slavit when he filed his complaint.

As to the possibility of EEOC misrepresentation, however, the potential for equitable tolling is a closer question.  The EEOC right-to-sue was sent to Slavit by email; it explicitly warned Slavit that his lawsuit "**must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of . . . receipt of this notice.**" (Docket Entry 12 at 41 (emphasis in original).)  The letter further explained to Slavit that, if he failed to comply with the 90-day deadline, his "right to sue based on this charge will be lost." (*Id.*)  Contrary to this language, Slavit argues in the affidavit filed with his response to the motion to dismiss that the 90-day deadline did not begin to run when he received notice via in the EEOC's July 29, 2022, email but, rather, when he received a physical copy of the notice on August 12, 2022.  (Docket Entry 18, at 1.)

Regarding the commencement of the limitation period, Slavit's argument fails: as several district courts in this circuit have held, when notice of the right to sue has been issued through means other than mail, the 90-day period commences regardless of when the mailed letter has been received.[3]  Slavit's argument might, however, plausibly entitle him to equitable tolling.  For Slavit to show that he was misled about the nature of his rights, "[i]t is not sufficient . . . to show that the

---

[3] *See Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272-JCB, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022) (collecting cases), *report and recommendation adopted*, No. 6:22-CV-00272, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023); *see also Straughn v. Texas Powertrain Assembly, LLC*, No. 5:13-CV-708-DAE, 2014 WL 5426489, at *6 (W.D. Tex. Oct. 22, 2014) ("[A]ny form of notice is sufficient to trigger the ninety days.") (collecting cases).

EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970 (5th Cir. 2023). Slavit points to language in the document entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC," which was "sent to [him] with the Right to Sue letter." (Docket Entry 18 at 1.) That document included the following language:

> In order to pursue this matter further, you must file a lawsuit . . . within 90 days of the date you *receive* this notice. . . . If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was mailed to you (as indicated where the Notice is signed) or the date of the postmark, if later.

(*Id.* at 2, 6 (emphasis omitted).) The document advises Slavit to file suit within 90 days of the date the notice was mailed, "as indicated where the Notice is signed," or "the date of the postmark, if later." (*Id.*) The notice was digitally signed by EEOC Field Director Norma Guzman on July 29, 2022, the same day as the notice was emailed. (*See* Docket Entry 18 at 5.) But the mailed letter was postmarked on August 12, 2023. (*See id.* at 8.) In these circumstances, Slavit may be able to plausibly allege that he was misled into delaying his filing, and thus that equitable tolling should apply. *See, e.g.*, *Bernstein*, 63 F.4th at 970 ("Our court has held before that a 'two-letter situation' . . . in which the EEOC advises a claimant in a later letter of an incorrect filing deadline is one where the EEOC has affirmatively misled the plaintiff about the nature of his rights."). However, as neither party has specifically addressed the matter, the issue should not be considered by the Court at this time; it would be better addressed in conjunction with a motion to amend the complaint, if such a motion is filed.

## V.    Conclusion and Recommendation.

For the foregoing reasons, I recommend that PVA's Motion to Dismiss (Docket Entry 12) be **GRANTED IN PART** and **DENIED IN PART**. It should be **DENIED** to the extent that it

seeks judgment on the pleadings regarding Slavit's termination-based retaliation claim; as to all other claims, it should be **GRANTED**.  Those other claims should be **DISMISSED WITHOUT PREJUDICE**; if Slavit can make a plausible argument for equitable tolling, he may be entitled to amend his complaint as to those claims.

## VI.      Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

     **SIGNED** on November 16, 2023.

 

_____
Henry J. Bemporad
United States Magistrate Judge