UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMIAH P. SLAVIT, | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL NO. SA-22-CV-01194-OLG |
| PERIPHERAL VASCULAR ASSOCIATES, P.A., | § | |
| **Defendant.** | § | |

**ORDER ON REPORT AND RECOMMENDATION**

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed November 16, 2023, (*see* R&R, Dkt. No. 34), concerning the Motion to Dismiss filed by Defendant Peripheral Vascular Associates, P.A (PVA).

Plaintiff Jeremiah Slavit filed this disability-based discrimination and retaliation action against PVA, his former employer, under the Americans with Disabilities Act, asserting that PVA regarded him as disabled based on his refusal to be inoculated against COVID-19 and to wear a face mask at work in accordance with the hospital's policy. (*See generally* Pl.'s Am. Compl., Dkt. No. 6.) PVA's Motion, though styled as a Motion to Dismiss, requests judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on its sole argument that Slavit's claims are time-barred. (Dft.'s Mot., Dkt. No. 12.) The Magistrate Judge's R&R recommends that the Motion be granted in part and denied in part.

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72 (b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Slavit's objections focus on the two different dates connected with his right to sue letter and wholly ignore the Magistrate Judge's instructive discussion of equitable tolling and recommendation that Slavit's claims based on PVA's pre-termination conduct be dismissed without prejudice to repleading. (*See generally* Dkt. No. 37.) PVA's objections appear to forget that, as the movant, PVA had the burden of presenting grounds that would entitle it to a dismissal under Rule 12(c). (*See generally* Dkt. No. 36.) Though dubious whether plausible discrimination- and retaliation-based claims could be pleaded on these facts, the Court has reviewed the R&R de novo and finds that it is in all things correct and should be accepted.

Accordingly, the Court **ACCEPTS** the Magistrate Judge's R&R (Dkt. No. 34) and, for the reasons set forth therein, Defendant Peripheral Vascular Associates, P.A.'s Motion to Dismiss (Dkt. No. 12) is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** as to Slavit's pre-termination-based claims, which the Court **DISMISSES WITHOUT PREJUDICE**. If Slavit wishes to amend his complaint and include a plausible argument for equitable tolling as to these claims, he may do so within fourteen (14) days after being served with a copy of this Order. Failure to timely amend will result in the dismissal of those claims with prejudice. The Motion is **DENIED** as to Slavit's termination-based claims.

It is so **ORDERED**.

**SIGNED** this 12th day of December, 2023.

_____
ORLANDO L. GARCIA
United States District Judge